HOFFMAN EMPLOYMENT LAWYERS, LLP
Michael Hoffman SBN 154481
100 Pine Street, Suite 1550
San Francisco, CA 94111
Tel  (415) 362-1111
Fax  (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff
CHARLES BREWER, et al

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CASE NO.:

**CLASS ACTION**

**CV 11 3587**

CHARLES BREWER, individually and on behalf of all other similarly situated current and former employees of Defendants,

Plaintiff,

vs.

GENERAL NUTRITION CORPORATION, a Pennsylvania corporation,

Defendant.

1. **FAILURE TO COMPENSATE EMPLOYEES FOR ALL HOURS WORKED** (Cal. Lab. Code and IWC Wage Order 5-2001);
2. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Cal. Labor Code §§ 226(e), 226.3);
3. **FAILURE TO MAINTAIN EMPLOYEE TIME RECORDS** (Cal. Labor Code § 1174(d));
4. **UNFAIR COMPETITION** (Cal. Bus. & Prof. Code § 17200, *et seq.*)
5. **LABOR CODE PRIVATE ATTORNEY GENERAL ACT** (Labor Code § 2698);
6. **FAILURE TO PAY OVERTIME** (F.L.S.A. 29 U.S.C. § 201 *et seq.*)
7. **FAILURE TO PROVIDE REST AND MEAL PERIODS** (Cal. Lab. Code § 226.7, 512; IWC Wage Order No. 5-2001, Cal. Code Regs., Title 8 § 11050)
8. **MISCLASSIFICATION AS EXEMPT**
9. **FAILURE TO PROVIDE ADEQUATE TIME OFF**
10. **FAILURE TO INDEMNIFY**

**JURY TRIAL DEMANDED**

-1-

Brewer v. GNC Corporation
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

1. Plaintiff CHARLES BREWER, on behalf of himself and all others similarly situated complains against GENERAL NUTRITION CORPORATION ("GNC"), a corporate defendant and demands a trial by jury of all issues and causes of action.

## INTRODUCTION

2. Plaintiff CHARLES BREWER ("Plaintiff" or "Mr. Brewer") brings this class action to remedy wage and hour violations by Defendant GNC, a Pennsylvania corporation who engaged in a pervasive and unlawful scheme to deprive its employees of the protections granted them by California wage and hour law.

3. Plaintiff brings this action on his own behalf and on behalf of a class of non-exempt hourly employees of GNC who worked the closing shift and/or worked shifts where the employee worked by themselves as Sales Consultants and/or Assistant Managers from July 21, 2007 to the date of filing this Complaint. These employees were and are required to work off the clock, have not been provided with meal and rest breaks in accordance with California law and have not been compensated for those missed meal and rest breaks or unpaid work time. In addition, Plaintiff brings this action on behalf of himself and other current employees and former employees of Defendant similarly situated to him who worked the closing shift and/or worked shifts where the employee worked alone without help or support as Sales Consultants and/or Assistant Managers and applies for relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

4. For at least four years prior to the filing of this action and to the present, Defendant imposed a consistent policy of preventing the Class Members from taking GNC breaks and not providing meal and rest period premium pay for those missed meal and rest periods and requiring Class Members to work off the clock where the employee worked by themselves at the store without any other employees as support.

5. For at least four years prior to the filing of this action and through to the present Defendant imposed a consistent policy of requiring Class Members, including Plaintiff, to work periods of four hours or a major fraction thereof without a rest period of at least ten minutes and

1  failing to pay such employees one hour of pay at the employee's regular rate of pay for each

2  such workday, as required by California state wage and hour laws, Industrial Welfare

3  Commission ("IWC") Wage Orders, and Department of Labor Standards and Enforcement

4  interpretations and as calculated thereunder, and requiring Class Members, including

5  Plaintiff, to work at least five hours without an uninterrupted, off-duty, 30-minute meal

6  period and failing to pay such employee one hour of pay at the employee's regular rate of

7  compensation for each such workday, as required by California state wage and hour laws.

8  **THE PARTIES**

9  6.  At all pertinent times mentioned in this Complaint, Plaintiff Brewer was and is a competent

10  adult resident of the state of California. Mr. Brewer was employed by Defendant as a Sales

11  Consultant and later in his employment as an Assistant Manager.  Plaintiff worked as a Sales

12  consultant at the GNC locations in Mountain View and Palo Alto as a Sales Consultant.

13  Plaintiff worked as an Assistant Manager at the San Mateo Location. Defendant employed

14  him from February 22, 2010 until he was terminated on May 13, 2011.

15  7.  Plaintiff was denied proper meal and rest periods throughout his employment with Defendant

16  and was required to work off the clock without being paid for that time.  As an employee,

17  Plaintiff was required to: 1) work through his meal periods; 2) work 4 (four) hours or a major

18  fraction thereof without a rest period of at least ten minutes and  not being compensated one

19  hour of pay at his regular rate of pay for each such workday; and 3) work in excess of five

20  hours per day without an uninterrupted, off-duty 30-minute meal period and not being

21  compensated one hour of pay at his regular rate of pay for each such occurrence.

22  8.  Plaintiff is informed and believes and thereon alleges that GNC is a corporation organized

23  under Pennsylvania law and has been doing business as GNC in the state of California.

24  9.  Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each

25  individual defendant was and is the agent, employee and servant of Defendant and committed

26  the occurrences, acts and omissions complained of herein while acting within the scope of

27

28

HOFFMAN EMPLOYMENT LAWYERS<br>100 Pine Street, Ste. 1550<br>San Francisco, CA 94111<br>(415) 362-1111

-3-

**HOFFMAN EMPLOYMENT LAWYERS**
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

1   such agency, employment and servitude.  Each defendant is responsible for the occurrences,

2   acts and omissions of each other defendant complained of herein.

3   <u>**JURISDICTION AND VENUE**</u>

4   10. At all times mentioned in this Complaint, Mr. Brewer was a resident of California.

5   11. GNC is a Pennsylvania Corporation with its corporate headquarters and principal place of

6   business at 300 Sixth Avenue, 11th Floor, Pittsburgh, Pennsylvania 15222 and is licensed to

7   do business in California under the Business Entity No. C2565810.

8   12. This Court is the proper Court, and this action is properly filed in the Northern District,

9   because work performed by Plaintiff and the Class Members in the County Of San Mateo, for

10   which they were not provided breaks and rest periods, make the subject of this action

11   properly in the Northern District.

12   13. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331;

13   Section 16(b) of the Fair Labor Standards Act ("FLSA").

14   14. In addition, this Court has supplemental jurisdiction under 28 U.S.C. 1367 over Plaintiff'

15   state wage and hour law claims, because those claims derive from a common nucleus of

16   operative fact.

17   15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because GNC's obligations

18   and liability arise therein, are incorporated here, GNC transacts business within this Judicial

19   District, and because Plaintiff performed the work at issue in this action for GNC in this

20   Judicial District.  Specifically, Sales Consultants and Assistant Managers normally report to

21   work each day at their store location.  Plaintiff clocked in, provided service for customers,

22   and clocked out at GNC stores in San Mateo, Palo Alto, and Mountain View.

23   <u>**CALIFORNIA CLASS ACTION ALLEGATIONS**</u>

24   16. Plaintiff seeks to represent a class of Sales Consultants and Assistant Managers.  The

25   putative class is defined as: **"All non-exempt hourly employees of GNC who worked the**

26   **closing shift and/or worked shifts where the employee worked by themselves as Sales**

27

28

-4-

1    Consultants and/or Assistant Managers in California from July 21, 2007 to the date of

2    filing this Complaint." ("California Law Class Members")

3              a.   All employees of GNC who are covered by California's and other

4                   state's meal and rest break laws who worked as Sales Consultants and

5                   Assistant Managers and who worked shift(s) by themselves without

6                   support and were entitled to and failed to receive meal periods or rest

7                   breaks from July 19, 2007 to the date of filing this Complaint.  This

8                   group is hereinafter referred to as the "Off The Clock Meal Break Class

9                   Members"

10             b.   All non-exempt hourly employees of GNC who worked the closing

11                  shift and/or worked shifts where the employee worked by themselves

12                  as Sales Consultants and/or Assistant Managers in California All

13                  California employees of GNC who worked as Sales Consultants

14                  and/or Assistant Managers of GNC who worked the closing shift

15                  performing work after their shift ended from July 21, 2007 to the date

16                  of filing this Complaint. This group is hereinafter referred to as the

17                  "California off the Clock Class Members".

18   20.    **Common questions predominate.** There is a well-defined community of interest in the

19   questions of law and fact affecting all California Class Members, in that a systematic and

20   continuous course of illegal practices was applied to all of them alike, to wit: Defendant (1)

21   failed to compensate Sales Consultants and Assistant Managers for all hours worked; (2) failed

22   and refused to provide the Class with timely and accurate wage and hour statements; (3) failed

23   and refused to maintain complete and accurate payroll records for the Class; (4) committed

24   unfair business practices in an effort to increase profits and to gain and unfair business advantage

25   at the expense of the Class and the public as GNC had employees working at stores alone and so

26   it was not possible for the lone employee to shut the store down and take a break.. These

27   common questions of law and fact predominate over any individual question relating to any

28

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

California Class Members. The forgoing acts and other acts by Defendant violated the California Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California (collectively, the "Employment Laws and Regulations").

21.    **Numerosity.** Plaintiff are informed and believe that the total number of California Class Members is over 5000, making joinder of all California Class Members impracticable and making treatment of all class members' claims collectively, rather than individually, to the benefit of the parties and the Court.

22.    **Typicality.** Plaintiff' claims are typical of those of other California Class Members, in that their job titles, duties and activities are the same as those of the other California Class Members, they were denied the same overtime and premium pay as the rest of the Class because of the off the clock closing duties, and was otherwise denied the benefits and protections of the Employment Laws and Regulations in the same manner as were the other California Class Members.

23.    **Adequacy.**  Plaintiff are able to fairly and adequately protect the interests of the rest of the Class, because (1) their interests are aligned with those of the rest of the Class in that their claims are those of a typical California Class Members, the Class as a whole shares many common questions of law and fact, and there is no evidence of any antagonism or conflict between them and the rest of the Class; and (2) Plaintiff' counsel is competent and experienced in litigating class actions in California based on violations of the Employment Laws and Regulations.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff bring the Sixth Cause of Action for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiff.  They consent to sue for violations of the FLSA pursuant to 29 U.S.C. § 216(b) and 256. *See* Exhibit "A."

18. Plaintiff and Nationwide FLSA Plaintiff are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to GNC's common practice,

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

-6-

1   policy, or plan of unlawfully depriving Nationwide FLSA Plaintiff of uninterrupted meal

2   periods and assisting patients and physicians and staff after their shift ended and refusing to

3   pay them overtime in violation of the FLSA.

4   19. The FLSA class is defined as follows: **All non-exempt hourly employees of GNC who**

5   **worked the closing shift and/or worked shifts where employees worked by themselves as**

6   **Sales Consultants and/or Assistant Managers in states that have no break and meal/rest**

7   **policy from July 21, 2007 to the date of filing this Complaint.**" ("Non-California FLSA

8   Class Members")

9   a.       All employees of GNC who worked as Sales Consultants and/or Assistant

10  **Managers in states that do not have the same or similar break/meal period laws as**

11  **California who took uncompensated but interrupted meal periods from July 19,**

12  **2007 to the date of filing this Complaint.**  This group is hereinafter referred to as the

13  "Off the Clock Meal Break Class Members."

14  b.       All employees of GNC who worked as Sales Consultants and/or Assistant

15  **Managers who performed closing shift duties and therefore worked after their shift**

16  **ended from July 21, 2007 to the date of filing this Complaint.**  This group is

17  hereinafter referred to as the "Non-California FLSA off the Clock Class Members"

18  The Sixth Cause of Action for violations of the FLSA is brought and maintained as an "opt-

19  in" collective action pursuant to §16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of

20  Plaintiff are similar to the claims of the Nationwide FLSA Plaintiffs.

21  20. The names and addresses of the Nationwide FLSA Plaintiff are available from GNC's

22  records.  Notice should be provided to the Nationwide FLSA Plaintiff via first class mail, e-

23  mail, and posting in the offices where they have worked as soon as possible.

24  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25  21. Plaintiff have exhausted all administrative remedies and satisfied all private, administrative

26  and judicial prerequisites to the institution of this action required under California Labor

27  Code Section 2699.5, Caliber Bodyworks, Inc. v. Superior Court (Herrera) (2005) 134 Cal.

28

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

Brewer v. GNC Corporation
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

App. 4th 365, and Dunlap v. Superior Court (Bank of America, N.A. (2006) 142 Cal. App. 4th 330, insofar as such prerequisites pertain to Plaintiff' Third through Seventh Causes of Action brought pursuant to the Private Attorney General's Act, California Labor Code § 2699 et seq. Specifically, Plaintiff sent written notice by certified mail to the Labor and Workforce Development Agency and the employer including specific provisions of the Labor Code that have been violated and facts and theories to support said violations.

### FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

22. At all relevant times alleged herein, Plaintiff is informed and believes, and thereupon alleges, that Defendant is authorized to conduct business in the State of California and do conduct business throughout the State of California.  Defendant has, among other things, employed Class Members in San Mateo County, the state of California, and throughout the United States.

23. Class Members are, and at all pertinent times have been non-exempt employees within the meaning of the California Labor Code and the implementing rules and regulations of the IWC Wage Orders. During the Class Period, Mr. Brewer and the Class Members worked for Defendant as Sales Consultants and Assistant Managers and were paid on an hourly basis.

24. As a regular practice, California Class Members and Nationwide FLSA Plaintiff are required to work through meal periods without Defendant compensating them at their regular hourly rate for one hour's pay.  Additionally, during the Class Period, Plaintiff and the Class Members were regularly required to work in excess of four hours without a rest period and were regularly required to work in excess of five hours per day without an uninterrupted, duty-free 30-minute meal period as mandated under the California Labor Code and the implementing rules and regulation of the IWC Wage Orders.

25. Defendant did not fully compensate Class Members for meal and rest period premium pay during the Class Period.

26. On information and belief, Defendant is aware that it is illegal: 1) to require employees to work shifts exceeding five hours without an uninterrupted duty-free 30-minute meal period;

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

2) to require employees to work periods of four hours or a major fraction thereof in a workday without a 10-minute rest period, and 3) to require a non-exempt employee to work through meal and rest periods without the proper legal compensation. Defendant's policies that Class Members work through meal and rest periods, and Defendant's failure to provide premium pay for missed rest or meal periods, during the Class Periods was willful and deliberate.

27. Similarly, Defendant required Mr. Brewer and the Class Members to stay late. Specifically, Defendant expected and demanded that Sales Consultants and Assistant Managers would stay after their shifts were supposed to end, often half an hour or more, and the class members would not be compensated for this additional time. Mr. Brewer often complained to his managers, Carol Owens and Brian Lebertent, and to his Regional Sales Director ("RSD"), Michelle Murray, about not being properly paid, but those complaints went unaddressed.

28. Defendant has a company-wide policy of requiring employees to receive authorization for overtime from RSDs before working beyond their scheduled shift. Overtime was highly discouraged by all RSDs; the policy was that Store Managers were disciplined by RSDs if employees who worked under their Store Managers received overtime because of the limited numbers allotted for manpower. Managers in turn, would reprimand employees if they worked any overtime. Plaintiff received 3 verbal warnings from Carol Owens for working overtime in the first few months of working for GNC. Plaintiff avoided overtime at all costs in fear of being punished and possibly losing his job. The employees who worked the closing shift could not and were told not to contact their RSD for authorization and would manually override the time clock to reflect their punch out time to be the time their shift was scheduled to end. Class Members were not compensated for the time spent on finishing closing duties that went beyond the time their scheduled shift ended.

29. In conjunction with the above-referenced policy on forbidding overtime, All Class Members by GNC policy were provided thirty minutes to complete closing procedures which included

-9-

among other duties: closing and counting tills, making sure the sales floor was in order, turning off the lights, setting the alarm, and locking the doors. Frequently, Class Members helped customers who were still in the store and answered the phone during the thirty minutes between when the store closed and when the employee clocked out which prolonged the closing procedure by anywhere from five to fifteen minutes. Employees were not compensated for those minutes worked after the employee's shift was scheduled to end.

30. In addition, Class Members were required to take the store's earnings for the day to Defendant's bank. Class members used their own personal vehicles to drive to the bank without compensation for gas or mileage. Furthermore, Class Members were instructed to and therefore conducted these bank errands after their shift had ended and were not compensated for the time they performed for Defendant.

31. Class Members were deprived rest and lunch periods in situations where they manned the store alone which may have arisen in situations where a co-worker went  home ill, a co-worker had a no call/no show, an employee was working a closing shift, or due to gaps in overlapping schedules. If Class Members clocked in and out for lunch however, it was only symbolic of taking a lunch since an employee working alone could not close the store during business hours and did so in fear of being reprimanded for overtime and for fear of not clocking out for lunch Furthermore, Plaintiffs could not close the store when working alone and thus could not and did not receive rest breaks when working the store alone.

32. Plaintiff was working as the only employee in the three (3) stores he worked in approximately 75% (seventy five percent) of the time he was employed at GNC and he regularly worked the closing shift more than 75%.

33. Plaintiff and the California Class Members he seeks to represent are all covered by California IWC Occupational Wage Order No. 5-2001 and Title 8, Cal. Code of Regs. § 11050.

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

## FIRST CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Failure to Properly Compensate Employees for All Hours Worked

### (Cal. Labor Code §§ 200, 226, 500, 510, 1197, 1198)

34. Plaintiff incorporate by reference paragraphs 1 through 34 as though set forth fully herein.

35. During the Class Period, Defendant was required to compensate its hourly employees for all hours worked upon reporting for work, pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070, and Labor Code Sections 200, 226, 500, 510, 1197, and 1198.

36. At all relevant times, Defendant failed and refused to compensate employees for all hours worked. California Class Members are required to finish store closing duties in excess of thirty minutes after their shift is over. In addition, California Class Members must take the days earnings and deposit them at the Defendant's bank after their shift ended.

37. As alleged herein, the California Class Members, including Plaintiff, are not exempt from the requirements of the Employment Laws and Regulations.

38. The California Class Members, including Plaintiff, have been deprived of their rightfully earned compensation as a direct and proximate result of Defendant's failure and refusal to pay said compensation. Under the above mentioned wage order and state regulations, Plaintiff are entitled to recover compensation for all hours worked, but not paid, for the three (3) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Failure to Furnish Wage and Hour Statements

### (Cal. Labor Code §§ 226(e), 226.3)

39. Plaintiff incorporate by reference paragraphs 1 through 40 as though set forth fully herein.

40. During the Class Period, Defendant failed to provide California Class Members, including Plaintiff, with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal

-11-

entity employing that California Class Member, and all applicable hours rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the California Class Member.

41. As alleged herein, the California Class Members, including Plaintiff, are not exempt from the requirements of the Employment Laws and Regulations.

42. Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations.

### THIRD CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Failure to Maintain Employee Time Records

### (Cal. Labor Code § 1174(d))

43. Plaintiff incorporate by reference paragraphs 1 through 44 as though set forth fully herein.

44. California Labor Code Section 1174(d) requires all employers to keep proper employee time records, including payroll records, which must show the daily hours worked by each employee.

45. As described above, Plaintiff and all California Class Members are deprived of full pay by being required to finish unfinished closing duties that went beyond their scheduled shift and to drive to and from the Defendant's bank from the GNC store after their shift ended to deposit the GNC store's earnings for that day, but for which they were not fully compensated. On this basis they were not provided with payroll records indicating daily hour totals, which prevented Plaintiff and the California Class Members from being properly compensated.

46. As a result, the employee time records, if any, maintained by Defendant are wholly inaccurate, as they do not reflect the true hours worked by any employee. Accordingly, the employee time records maintained by Defendant are inaccurate with respect to the number of hours worked, and, correspondingly, the amount of wages owed to and/or paid to employees.

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

**HOFFMAN EMPLOYMENT LAWYERS**
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

47. As a proximate result of the above mentioned violations, Plaintiff and the California Class Members have been damaged in an amount according to proof at time of trial, and seek a civil penalty be imposed against Defendant in accordance with California Labor Code Section 2699.5.

## FOURTH CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Unfair Competition

### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

48. Plaintiff incorporate by reference paragraph 1 through 49, as though set forth fully herein.

49. Defendant's violations of the Employment Laws and Regulations as alleged herein, including Defendant's failure to provide meal and rest breaks to Plaintiff and the California Class Members, constitute unfair business practices in violation of California Business & Professional Code Section 17200, et seq.

50. Defendant's violations of California wage and hour laws constitute a business practice because it was done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and the California Class Members.

51. As a result of Defendant's unfair business practices, Defendant has reaped unfair benefits and illegal profits at the expense of Plaintiff, the California Class Members, and members of the public. Defendant should be made to account for and restore such monies to Plaintiff and the California Class Members.

52. Defendant's unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for and restore to the Class Members the overtime compensation unlawfully withheld from them.

## FIFTH CAUSE OF ACTION BY THE CALIFORNIA CLASS MEMBERS

### Labor Code Private Attorney General Act

### (Cal. Labor Code § 2698)

53. Plaintiff incorporates by reference paragraphs 1 through 54 as though set forth fully herein.

-13-

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

54. Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency (the Agency) of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. The Agency responded that it did not intend to investigate the allegations of the Complaint. As a result, pursuant to Section 2699.3, Plaintiff may now commence a civil action pursuant to Section 2699.

55. The policies, acts and practices heretofore described violate the applicable Labor Code sections listed in Labor Code § 2699.5 and thereby gives rise to statutory penalties as a result of such conduct. Plaintiff and the California Class Members, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and all other aggrieved employees against who one or more of the aforementioned violations of the Labor Code was committed.

## SIXTH CAUSE OF ACTION BY THE NATIONWIDE FLSA PLAINTIFF

### Failure to Provide Overtime Pay

### (FLSA, 29 U.S.C. § 201 *et seq.*)

56. Plaintiff incorporates by reference paragraphs 1 through 57 as though set forth fully herein.

57. At all relevant times, GNC has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, GNC has employed, and continues to employ, "employee[s]," including Plaintiff and each of the Nationwide FLSA Plaintiff. At all relevant times, GNC has had gross operating revenues in excess of $500,000.

58. Attached hereto as Exhibit "A" are Plaintiff' Consent to Sue forms pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely other similarly situated individuals will sign consent forms and join as Plaintiff on this claim in the future.

59. The FLSA requires each covered employer, including GNC, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

60. The Nationwide FLSA Plaintiff are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

61. At all relevant times, GNC, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the Nationwide FLSA Plaintiff for their hours worked in excess of forty hours per week.

62. By failing to compensate Plaintiff and the Nationwide FLSA Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, GNC violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

63. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the Nationwide FLSA Plaintiff, GNC failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff, on behalf of themselves and the Nationwide FLSA Plaintiff, seek recovery of attorneys' fees and costs of action to be paid by GNC, as provided by the FLSA, 29 U.S.C. § 216(b).

66. Plaintiff, on behalf of themselves and the Nationwide FLSA Plaintiff, seek damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SEVENTH CAUSE OF ACTION:**

**FAILURE TO PROVIDE MEAL AND REST PERIODS**

**(Cal. Lab. Code § 226.7, 512; IWC Wage Order No. 9-2001)**

Brewer v. GNC Corporation
Class Action Complaint

1    67. Plaintiff incorporates by reference and paragraphs 1 through 68, inclusive, as though set forth

2        fully herein.

3    68. For the duration of the Class Period, the Class Members were employed by Defendants.

4    69. During the Class Period, Defendants routinely failed to provide the Class Members,

5        including Plaintiff, with meal and rest periods during their work shifts, and failed to

6        compensate the Class Members, including Plaintiff, for said meal and rest periods, as

7        required by California Labor Code sections 226.7 and 512, and Industrial Welfare

8        Commission Order 9-2001.

9    70. The Class Members, including Plaintiff, are not exempt from the meal and rest period

10       requirements of the aforementioned employment laws and regulations.

11   71. Plaintiff is informed and believes and thereon alleges that GNC is aware that Class Members

12       do not actually get the required break and lunch periods they are entitled to. Plaintiff

13       complained to his managers Carol Owens and Brian Lebertent about having to work through

14       his break and lunch periods.

15   72. Plaintiff is informed and believes and thereon alleges that GNC knowingly prevents its Class

16       Members from taking breaks by not enacting a policy to relieve employees when they are

17       working in a GNS store by themselves..

18   73. Plaintiff is informed and believes and thereon alleges that while GNC enacted policies to take

19       set lunch and rest breaks, those policies were not enforced or applied to its Class Members as

20       employees were unable to be relieved from duty when working alone and were criticized and

21       negatively reviewed if they accrued overtime by working through .

22   74. The Class Members, including Plaintiff, have been deprived of their rightfully earned

23       compensation for meal and rest periods as a direct and proximate result of Defendants'

24       failure and refusal to pay said compensation. The Class Members, including Plaintiff, are

25       entitled to recover such amounts pursuant to California Labor Code section 276.7(b), plus

26       interest thereon, attorney's fees, and costs of suit.

27

28

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

Brewer v. GNC Corporation
Class Action Complaint

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

75. In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Class Members are entitled to recover damages for the sake of example and by way of punishing Defendants.

### EIGHTH CAUSE OF ACTION:

### MISCLASSIFICATION OF EMPLOYEES AS EXEMPT

### (IWC Wage Orders 4 and 7)

76. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 77 as though set forth fully herein.

77. The California Industrial Welfare Commission defines exempt employees as those employees, who, among other qualities, earn at least two (2) times the minimum wage. See I.W.C. Wage Orders 4 and 7, §§I(A)(1)(f); I(A)(2)(g); I(A)(3)(d). The minimum wage in California is eight dollars ($8.00) per hour. Thus, to be exempt from the requirements of the Labor Code and other Wage Orders, an employee must earn at least sixteen dollars ($16.00) per hour.

78. Plaintiff earned less than $16.00 per hour. Mr. Brewer was instead paid less than double the minimum wage per hour. Plaintiff was classified as exempt by Defendants, and paid accordingly.

79. Defendants thus improperly classified Plaintiff as exempt from the wage and hour requirements set forth in the Labor Code and I.W.C. Wage Orders, because they did not earn enough to be qualified as exempt.

80. Because of this misclassification, Plaintiff have been harmed by not properly being paid overtime, being required to work more than seven (7) days in a row, and other violations, as alleged in this complaint.

81. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations, in an amount less than $75,000 in the

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

1    aggregate, per Plaintiff in accordance with Labor Code Section 218.5, and penalties pursuant

2    to Labor Code Sections 203 and 206.

3    <u>**NINTH CAUSE OF ACTION:**</u>

4    **FAILURE TO PROVIDE ADEQUATE TIME OFF**

5    **(Cal. Labor Code §§ 551, 552, 554, 558)**

6    82. Plaintiff incorporates by reference the allegations in paragraphs 1 through 83 inclusive s

7        though fully set forth herein.

8    83. California law provides that every employee is entitled to one day's rest in seven and

9        prohibits employers from requiring employees to work more than six days in seven.

10   84. Furthermore, an overtime rate must be paid for hours voluntarily worked on the seventh day

11       in seven. The Class Members were required to work a seven day week at least once per

12       month.

13   85. Defendants did not pay overtime compensation when Plaintiff and other Collection Agents

14       worked these seven-day weeks. Accordingly, Defendants violated Labor Codes §551 552,

15       554, 558.

16   86. Plaintiff is entitled to compensation in the form of overtime not paid in an amount less than

17       $75,000 in the aggregate, per Plaintiff.   As well, Defendants are required to pay a civil

18       penalty for each pay period for Plaintiff each employee who experienced this violation.

19   <u>**EIGHTH CAUSE OF ACTION:**</u>

20   **FAILURE TO REIMBURSE EXPENSES**

21   **(Cal. Labor Code § 2802)**

22   87. Plaintiff hereby incorporates by reference as though fully set forth herein, the allegations

23       contained in paragraphs 1 through 88.

24   88. Under California Labor Code Section 2802, employers are required to reimburse employees

25       for necessary expenses. For at least three (3) years preceding the filing of this lawsuit

26       Plaintiff was employed by GNC in California as a Sales Consultant and Assistant Manager.

27       As such, Plaintiff was required by GNC to use his own car for business travel, specifically, in

28

-18-

making bank deposits and travelling from store to store on errands without receiving compensation or reimbursement.

## PRAYER FOR RELIEF:

Wherefore, Plaintiff prays for relief individually and on behalf of all others similarly situated as follows:

1. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

2. For special damages in amounts according to proof;

3. For restitution of all monies due to Plaintiff from the unlawful business practices of Defendant;

4. For premium pay penalties pursuant to California Labor Code Section 226;

5. For pre-judgment and post-judgment interest as provided by law;

6. For costs of suit incurred herein and attorneys' fees ;

7. For attorneys' fees pursuant to Government Code § 12965(b) and Civil Code 1021.5;

8. For such other and further relief as the Court deems fair and just.

Respectfully submitted,

HOFFMAN EMPLOYMENT LAWYERS, LLP

DATED: July 21, 2011

_____

Michael Hoffman, Esq.
Attorneys for Plaintiff CHARLES BREWER

HOFFMAN EMPLOYMENT LAWYERS
100 Pine Street, Ste. 1550
San Francisco, CA 94111
(415) 362-1111

Brewer v. GNC Corporation
Class Action Complaint

### Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for General Nutrition Corporation at some point after July 21, 2007 as a Sales Consultant and Assistant Manager with the primary duties of providing service to customers. I was required to make bank deposits after my shift as part of my job and work through my breaks or lunches when I worked by myself in the store. In addition, I performed closing duties after my shift ended.

I choose to participate in the FLSA collective action titles *Brewer v. General Nutrition Corporation* filed in the Northern District of California to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216 (b) and other relief under state and federal law.

I choose to be represented by the named plaintiff and counsel (Hoffman Employment Lawyers, LLP) in this action.

Print Name:  *Charles Brewer*

Signature:  *Charles E. B.*

Date Signed:  7-20-2011