**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES BREWER,** *et al.***,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL NUTRITION CORPORATION,**<br><br>**Defendant.** | **Case No.: 11-CV-3587 YGR**<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL** |

## I.   INTRODUCTION

In a separate Order concurrently filed, the Court resolves the motion of defendant General Nutrition Corporation ("GNC") to decertify the collective action certified by this Court on January 7, 2013 (Dkt. No. 168 ("Decertification Motion"), as well as plaintiffs' Motion for Certification of California Class Claims (Dkt. No. 106 ("Certification Motion")).  In connection with those two motions, the parties filed five administrative motions to seal, pursuant to this Court's Civil Local Rule 79-5 and a stipulated protective order entered by this Court on February 24, 2012 (Dkt. No. 37).  This Order resolves the administrative motions to seal.  As set forth below, the parties' sealing requests are generally, though not entirely, appropriate and narrowly tailored.

## II.  LEGAL STANDARD

The public holds a presumptive right of access to public records, including pretrial filings in civil cases.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). In the context of information proffered in support of dispositive motions or at trial, only a continuing, compelling reason will justify sealing the information or keeping it under seal.  *See In re Midland*, 686 F.3d at 1119.  However, "the usual presumption of the public's right to access does

not apply to non-dispositive motions with the same strength it applies to dispositive motions." *Dugan v. Lloyds TSB Bank, PLC*, 12-CV-02549-WHA NJV, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (citing *In re Midland,* 686 F.3d at 1119). In the context of non-dispositive motions, the party seeking to place and keep information under seal need only make a particularized showing of good cause. *See id.* at *1-2. It is insufficient to offer only bare allegations of harm, "unsubstantiated by specific examples or articulated reasoning." *Id.* at *2.

Under this Court's Civil Local Rule 79-5, "sealable" information consists of information "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Where, as here, a protective order authorizes parties and/or non-parties to designate information as confidential, any party submitting information so designated to the Court must file an administrative motion to seal the information. Civ. L.R. 79-5(e). However, the burden of establishing that the information designated as confidential is in fact "sealable" under the Local Rules, as opposed to designated confidential under a protective order, lays squarely on the party who designated it confidential, regardless of which party filed the administrative motion to seal. *See* Civ. L.R. 79-5(d), 79-5(e). The designating party must submit a declaration in support of any motion to seal establishing which portion of the information designated as confidential is sealable. Civ. L.R. 79-5(d)(1)(A), 79-5(e)(1). Any request to seal must be "narrowly tailored" to encompass only sealable information. Civ. L.R. 79-5(b).

## III. RULINGS

### A. SEALING MOTIONS FILED IN CONNECTION WITH DECERTIFICATION MOTION

GNC filed two motions to seal in connection with the Decertification Motion, one on April 1, 2014 (Dkt. No. 172 ("April 1 Motion")) and one on April 21, 2014 (Dkt. No. 178 ("April 21 Motion")). The April 1 Motion seeks to seal portions of the declaration of Lorraine Reidy and the entirety of the accompanying exhibit, which identify a store manager whom GNC terminated for working off the clock and forcing employees to work off the clock. The April 1 Motion is **GRANTED IN PART AND DENIED IN PART**. Though the publicly filed version of the Reidy declaration (Dkt. No. 172-3) is appropriately redacted, the exhibit accompanying the Reidy

declaration is not sealable in its entirety. It shall be filed in a redacted form that conceals only the name of the terminated store manager.

The April 21 Motion seeks to seal Exhibit D to the declaration of Christopher Michalik. Exhibit D consists of two documents: a declaration by GNC employee Amy Hinnon describing her analysis of GNC payroll records in the states of Pennsylvania and North Carolina, and spreadsheets containing those analyses. The Hinnon declaration and accompanying analysis were used as evidence in a separate lawsuit proceeding in the Western District of Pennsylvania, *Vargas et al. v. General Nutrition Corporation et al.*, Case No. 2:10-cv-00867-TFM. Because that evidence pertains to a lawsuit based on out-of-state conduct not at issue in this litigation and plays no part in the Court's ruling on the underlying Decertification Motion, the April 21 Motion is **GRANTED**. Exhibit D to the declaration of Christopher Michalik shall be filed under seal.

**B.    SEALING MOTIONS FILED IN CONNECTION WITH CERTIFICATION MOTION**

**1.    Sealing Motions Pertaining to Opening Brief**

Plaintiffs submitted two administrative motions to seal in connection with their Certification Motion, one on January 30, 2014 (Dkt. No. 105 ("January 30 Motion")) and the other on February 6, 2014 (Dkt. No. 121 ("February 6 Motion")). The Court deems the January 30 motion superseded by the February 6 motion and thus moot. The Clerk shall **ADMINISTRATIVELY TERMINATE** the January 30 Motion.

As to February 6 Motion, it seeks to seal documents submitted as exhibits to the joint declaration of plaintiffs' counsel (Dkt. No. 107) and designated sealable by GNC pursuant to a protective order. In conformity with Civil Local Rule 79-5(e)(1), GNC supplied a declaration in support of the motion to seal, identifying the particular documents it deemed sealable and the reasons therefor. GNC seeks to seal only 4 of the 37 exhibits that plaintiffs submitted under seal, specifically, Exhibits 24, 25, 26, and 34. The Court has reviewed those four exhibits and agrees they are sealable—the first in its entirety and the last three partially:

- **Exhibit 24** is a voluminous compilation of individual GNC employees' pay stubs, offered to show two types of wage statements issued by GNC. The pay stubs bear employees' personally identifiable information. This exhibit shall be sealed in its entirety.

3

- **Exhibit 25** is a single pay stub of the first type depicted in Exhibit 24 and is offered as an example of GNC wage statements. It contains an employee's name and address. It shall be filed in a redacted form that conceals the employee's name and address.

- **Exhibit 26** is a single pay stub of the second type depicted in Exhibit 24 and is offered as an example of GNC wage statements. It contains an employee's name, address, and bank details. It shall be filed in a redacted form that conceals the employee's name, address, and bank details.

- **Exhibit 34** is an email exchange among GNC employees which, among other things, portrays GNC's decision to demote an employee from manager to store associate. The only sealable material in this email is the name of the demoted employee. Plaintiffs therefore shall file this exhibit only *partially* under seal. Plaintiffs shall redact the name of the demoted employee, which appears in the subject line of each email and in the body of the final email.

As set forth above, the February 6 administrative motion to seal is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 121.) Plaintiffs shall file Exhibit 24 to the joint declaration of plaintiffs' counsel under seal. Plaintiffs shall file redacted versions of Exhibits 25, 26, and 34 consistent with this Order. Plaintiffs shall file the remainder of the exhibits to their counsel's joint declaration in unredacted form.

### 2. Sealing Motion Pertaining to Opposition Brief

On March 6, 2014, GNC filed an administrative motion to seal in connection with its opposition to the Certification Motion. (Dkt. No. 163 ("March 6 Motion").) The March 6 Motion asks the Court to seal the Reidy Declaration (Dkt. No. 163-3) and the Eck Declaration (Dkt. No. 163-4) and all their accompanying exhibits. The Reidy Declaration and accompanying exhibit are identical to those ordered partially sealed in Section III.A *supra*, and shall be sealed in accordance therewith.

The Eck Declaration contains several types of information, only some of which is sealable. Defense counsel's declaration in support of sealing the Eck Declaration states only that it contains "sensitive personnel information, and wage information regarding GNC's current and former employees." (Dkt. No. 163-1 ¶ 5.) The Eck Declaration itself has six exhibits, marked A through F, all of which GNC seeks to have sealed in their entirety. The Court addresses the exhibits to the Eck Declaration and then the declaration itself.

4

Exhibit A consists of "punch data" for three current and former GNC employees, D. Argenio, A. Becerra, and A. Wright. The punch data consists of GNC's records of dates and times they clocked in and clocked out for work, as well as numeric codes indicating the store where they worked and their employee number (which is *not* a Social Security number), and codes for other miscellaneous information. None of that information is sufficiently sensitive to warrant sealing, even under the lenient good-cause standard applicable at this phase of the litigation. GNC shall file Exhibit A to the Eck Declaration in the public record in unredacted form.

Exhibit B shows modifications to clock-in and clock-out times made by the three employees whose records comprise Exhibit A. Exhibit B is non-sealable for the same reason as Exhibit A. GNC shall file Exhibit B in the public record in unredacted form.

Exhibit C consists of numerous employees' "verification sheets," which GNC describes as proof that the employees confirmed with their respective store managers the accuracy of GNC's records of the time they worked. The exhibit contains no personally identifying information but the employees' names and, in some instances, signatures (not all contain signatures, for example, where an employee quit working at GNC before verifying the time record). GNC shall file Exhibit C in the public record with only the names and signatures of the employees redacted. GNC shall *not* redact the employee numbers located to the right of the employees' names.

Exhibits D and E are discipline notices issued by GNC to, respectively, sales associates and store managers who failed to take required meal and rest breaks. They contain only two pieces of sealable information: the employee's name and the employee's signature. GNC shall file Exhibits D and E in the public record with only the names and signatures of the employees redacted. GNC shall *not* redact the employee numbers in the upper right corner of the documents.

Exhibit F consists of declarations submitted by GNC employees attesting to their general work conditions, familiarity with GNC policies, and, occasionally, times they received or issued reprimands relating to failures to comply with GNC policies. None of the information contained therein is sufficiently sensitive to warrant sealing under the good-cause standard. GNC shall file Exhibit F in the public record in unredacted form.

The Eck Declaration itself describes the contents of its exhibits without referencing any of the sealable information therein, and relates other non-sensitive information. GNC shall file the Eck Declaration in the public record in unredacted form.

As set forth above, the March 6, 2014 administrative motion to seal of GNC is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 163.)

## IV.  CONCLUSION

As set forth above, the Clerk shall **ADMINISTRATIVELY TERMINATE** the January 30 Motion (Dkt. No. 105). The February 6 Motion is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 121.) The March 6 Motion is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 163.) The April 1 Motion is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 172.) The April 21 Motion is **GRANTED**. (Dkt. No. 178.)

This Order terminates Dkt. Nos. 105, 121, 163, 172, 178.

**IT IS SO ORDERED**.

Date: November __12__, 2014            _____
                                                            **YVONNE GONZALEZ ROGERS**
                                                    **UNITED STATES DISTRICT COURT JUDGE**