UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BREWER,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>    Defendant. | Case No. 11-cv-03587-YGR<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 196 |

On November 12, 2014, the Court denied in part and granted in part plaintiff's Motion to Certify California Class, and granted defendants' Motion to Decertify FLSA Collective Action. (Dkt. No. 185.) Pursuant to Local Rule 7-9, defendant requests leave to file a motion for reconsideration of portions of that order concerning the appropriate class period for the final pay subclass and the wage statement subclass, as well as the effect of the 2013 amendment to California Labor Code § 226(e) on the appropriate class period. As to the former, defendant argues that a claim for penalties cannot form the basis for a claim under the California Unfair Competition Law's four-year statute of limitations. As to the latter, defendant argues that the 2013 amendment had no retroactive effect.

Defendant's request for leave is **DENIED**. There is not a proper procedural basis for seeking reconsideration of the class certification order on these grounds. As defendant notes in its motion, a party seeking leave of court to file a motion for reconsideration must show that the Court failed to "consider dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Cal. Civil L.R. 7-9(b)(3). While defendant argued for a shorter class period in both these instances, it did not raise the arguments it now seeks to make in its motion for reconsideration. Neither does defendant establish other grounds for reconsideration, *i.e.* that a material difference in fact or law exists and could not have been presented sooner with

1  reasonable diligence or that new material facts or a change in law has occurred since the time of
2  the order.  Civ. L.R. 7-9(b)(1), (2).
3     A motion for reconsideration is not a proper procedural vehicle for raising arguments that
4  could, with diligence, have been made in opposition to a motion.  The Court, in its discretion, does
5  not find that reopening the class certification issues at this juncture is warranted by defendant's
6  arguments, whatever their merits.
7     This Order is without prejudice to defendant raising these legal issues in a proper
8  procedural fashion, such as in connection with summary judgment or a stipulation of the parties
9  with respect to the class definition.
10    **IT IS SO ORDERED.**
11 Dated: December 5, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Judge