**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES BREWER,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **GENERAL NUTRITION CORPORATION,** <br><br> **Defendant.** | **Case No.: 11-CV-3587 YGR** <br><br> **ORDER DENYING MOTION OF DEFENDANT GENERAL NUTRITION CORP. FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> **(DKT. NO. 250)** |

Defendant General Nutrition Corp. ("GNC") has filed a Motion for Leave to File a Motion for Reconsideration, pursuant to Civil Local Rule 7-9(b)(3). (Dkt. No. 250). GNC seeks reconsideration of that portion of the Court's August 27, 2015 Order Granting In Part and Denying In Part Cross-Motions for Partial Summary Judgment in which the Court granted Plaintiffs partial summary judgment on liability for their direct wage statement claim, finding that Plaintiffs had met their burden to establish the elements of the direct wage statement claim and GNC had not created a disputed issue of fact. GNC specifically seeks reconsideration of the Court's rejection of its argument in opposition that the Third Amended Complaint did not state a direct wage statement claim based upon a theory of failure to provide the inclusive pay period dates on the wage statements. Plaintiffs have filed an opposition to the motion for leave to file. (Dkt. No. 251.)

Having carefully considered the papers submitted in support and opposition, and the pleadings, briefs, and prior orders in this action, and for the reasons set forth below, the Court **DENIES** the Motion for Leave to File a Motion for Reconsideration.

**I.   APPLICABLE STANDARD**

Under Rule 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 7-9(b) requires that a party seeking leave to file a motion for reconsideration show reasonable diligence in making the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000).

**II.   DISCUSSION**

GNC argues that reconsideration is appropriate based upon clear error or manifest failure to consider material facts or dispositive legal arguments. GNC contends that the Court's August 27, 2015 Order noted Plaintiffs' failure to allege their inclusive pay period theory specifically, but nevertheless found that GNC was liable under that theory.

In its August 27, 2015 Order, the Court found that the allegations of the operative complaint paraphrased the language of the section 226(a), even if they omitted an allegation specifically on the inclusive pay period language. (Order at 10:22-26.) The Court also found that Plaintiffs' motion to certify a wage statement class, by contrast, had specifically stated that it was based upon failure to state the inclusive pay period. (*Id.* at 10:27-11:1.) GNC never raised any issue about this theory during that class certification briefing, their motion for reconsideration of the class certification order, or otherwise. (*Id.* at 11:1-3.) Thus, despite Plaintiffs' failure to allege the inclusive pay period ground with specificity, GNC had notice of the violation both from the general

allegations of the complaint and from the class certification briefing about the direct wage claim class to be certified. (*Id.* at 11:5-10.)

GNC suggests that the Court's use of the word "*or*"—in stating that "[t]o the extent GNC argues that no complaint sets forth a direct wage statement violation for failure to state the inclusive pay period *or* overtime rate, the Court rejects this argument" (*id.* at 11:9-10)—indicates that the Court somehow combined the pay period and overtime rate theories to permit liability if a wage statement had just one of the two errors. As the foregoing discussion should make obvious, such was not the case. The Court found, as it stated in the August 27, 2015 Order, that the allegations of the TAC encompassed both theories, and GNC could not escape liability for its failure to state the inclusive pay period on employees' wage statements based upon an argument that the claim had not been pleaded.

Based upon the foregoing, the Motion for Leave is **DENIED**.

**IT IS SO ORDERED**.

Date: September 15, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**