UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CHARLES BREWER,** individually and on behalf of all other similarly situated current and former employees of Defendant,

Plaintiffs,

v.

**GENERAL NUTRITION CORPORATION,**

Defendant.

Case No. 11-cv-3587 YGR

**PRETRIAL ORDER NO. 2 RE:
TRIAL DATE AND PRETRIAL CONFERENCE**

On December 15, 2015, after hearing argument on defendant's pending decertification and *Daubert* motions, the Court held a further pretrial conference. Based upon the discussion with the parties, and for good cause shown, the Court **ORDERS** as follows:

1. **Trial Date and Schedule:**

   a. The trial is **CONTINUED** one week to **February 8, 2016**. Jury selection shall occur the preceding **Friday, February 5, 2016**. Counsel are to report at **8:30 a.m.** The parties are advised that this case trails *United States v. Benson*, 12-cr-480-YGR.

   b. The next pretrial conference shall occur on **Friday, January 15, 2016, at 9:30 a.m.** The parties are directed to file a joint statement no later than **January 8, 2016,** including: (i) their plan(s) for proceeding as to issues that will be tried to the Court only, versus those to be tried to the jury, and any questions to be decided by the Court on this issue, and (ii) any other agenda items for the conference.

2. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so.

3. **Jurors and Peremptory Challenges:** The Court will seat a total of eight (8) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). *Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

4. **Jury Instructions:** Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or 1.4, 1.6–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition). Parties shall be prepared to discuss other proposed jury instructions at the January 15, 2016 continued pretrial conference.

5. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

6. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

To the extent that the deposition transcripts are not certified, the parties shall submit a stipulation concerning their authenticity no later than **January 8, 2016**.

2

7. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial. The filing shall be designated: "Plaintiff's/Defendant's Trial Related Transcript(s) for Video Deposition(s)." The filing shall include an index listing the name of the deponent-witness and the date used during trial.

8. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses to be called on a Monday, notice is to be given no later than 12:00 noon on Saturday.

   The parties shall file an updated witness list no later than **January 8, 2016**. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

9. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – *e.g.*, "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

10. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

3

11. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least two weeks** prior to the commencement of the trial.

12. **Settlement:** Counsel shall promptly notify the Court by phone and email (after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Wednesday prior to jury selection on Friday, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

13. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

14. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Dated: December 16, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4