UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES BREWER,** individually and on behalf of all other similarly situated current and former employees of Defendant,<br><br>Plaintiffs,<br><br>v.<br><br>**GENERAL NUTRITION CORPORATION**,<br><br>Defendant. | Case No.  11-cv-3587 YGR<br><br>**PRE-TRIAL ORDER NO. 4 RE: MOTIONS *IN LIMINE***<br><br>Dkt. Nos. 260-270, 272-276 |

The parties' motions *in limine* (Dkt. Nos. 260-270, 272-276) came on regularly for hearing on October 9, 2015.  The Court, having considered the parties' papers in support of and in opposition to the motions, their arguments, and the record of the proceedings herein, **ORDERS** as follows:

**I.    DEFENDANT'S MOTIONS *IN LIMINE***

No. 1 To Exclude Responses To Plaintiffs' Survey:

GNC moves to preclude Plaintiffs from offering into evidence the responses of class members to the written survey, including any compilation and/or summary of the Survey responses on hearsay grounds.

**Ruling: GRANTED**.  The Court further notes that the instant trial concerns Plaintiffs' claims that GNC is operating under a policy.  Thus, while individual class members' experiences have some bearing on the issue, they will not be the gravamen of the trial.

<u>No. 2 To Exclude Evidence Regarding Post-Class Period Conduct</u>

GNC moves to preclude Plaintiffs from referencing conduct after the close of the class period (November 12, 2014) under Rules 401, 403, and 407.

**Ruling:** **GRANTED IN PART** to the extent that Plaintiffs seek to offer such testimony to the jury at trial. Evidence may be offered to the Court separately during an injunctive phase, upon a proffer establishing admissibility for purposes of injunctive or other equitable relief.

<u>No. 3 To Exclude Reference To Prior Court Orders</u>

GNC moves to preclude Plaintiffs from referring to prior Court orders in this action, including the November 12 2014 Order on Plaintiffs' Motion for Class Certification under Rules 401 and 403.

**Ruling:** **GRANTED IN PART**. Evidence of prior orders is not admissible except to the extent that jury will need to make a determination of damages based upon an issue of liability previously resolved and they need only decide the issue of damages. The Court's prior determinations as to the applicable law will be incorporated in the jury instructions.

<u>No. 4 To Exclude Evidence Regarding Any Computation of Damages Not Identified in Plaintiffs' Rule 26 Disclosures</u>

GNC moves to preclude any evidence or argument supporting a computation of damages not identified in Plaintiffs' Rule 26 Disclosures. Alternatively, GNC moves to limit Plaintiffs to presentation of the computation of damages disclosed in their expert report (*i.e.*, Plaintiffs cannot introduce evidence or argument inconsistent with, or otherwise not addressed by, Dr. Kane's report), to the extent that expert opinion is admissible.

**Ruling:** **GRANTED IN PART** to the extent that GNC seeks to limit Plaintiffs to the computation of damages disclosed in their expert report; **RESERVED** to the extent GNC seeks to preclude all evidence or argument. By **January 8, 2016,** Plaintiffs shall provide the Court with a proffer for the presentation of damages not otherwise in the report, including the evidentiary basis upon which it shall be offered.

<u>No. 5 To Exclude Declarations of Class Members</u>

GNC moves to preclude Declarations of Class Members listed on Plaintiffs' September 11, 2015 Exhibit List as Exhibits 1 through 4 under Rules 801(c) and 401.

**Ruling: GRANTED.**

<u>No. 6 To Exclude of Defendant's Financial Condition</u>

GNC moves the Court for an order, *in limine*, precluding Plaintiffs from using evidence or testimony regarding GNC's financial condition, including Exhibits 44-53, on the grounds that such evidence is not relevant when financial information is not the element of a claim or defense. GNC contends that its financial information has no probative value with regard to Plaintiffs' claims and is unduly prejudicial, citing *In re Homestore.com, Inc.,* No. CV 01-11115 RSWL CWX, 2011 WL 291176, (C.D. Cal. Jan. 25, 2011).

**Ruling: RESERVED.** By **January 8, 2016**, GNC shall notify the Court whether it intends to assert financial condition or inability as part of its defense to any claim.

<u>No. 7 To Exclude Summaries Proffered By Plaintiffs</u>

GNC moves the Court for an order, *in limine*, precluding Plaintiffs from offering into evidence, or otherwise presenting to the Jury, certain purported summaries they created. These summaries are identified on Plaintiffs' September 11, 2015 Exhibit list as Exhibits 75-80 and purport to summarize certain voluminous records (change records, on duty, payment detail, punch records, and reimbursement forms). These summaries are not admissible under Federal Rule of Evidence 1006, they are misleading, and are not stated objectively.

**Ruling: RESERVED.** The parties were to meet and confer on summaries of voluminous records for presentation to the jury. The parties shall be prepared to discuss this issue at the pretrial conference set for **January 15, 2016**.

**II.  PLAINTIFFS' MOTIONS *IN LIMINE***

<u>No. 1 to Exclude Evidence Regarding Affirmative Defenses Not Pleaded</u>

Plaintiffs move to preclude GNC from offering evidence or argument regarding affirmative defenses of: voluntary waiver of meal period, on-duty meal period agreements, or good faith dispute as to wages owed for final payment of wages as not having been pleaded in GNC's

3

Answer to Third Amended Complaint (Dkt. No. 86).

**Ruling: DENIED.**

No. 2 to Exclude Evidence Not Disclosed During Discovery

Plaintiffs move to preclude GNC from offering the declaration of Lona Toffolo or any expert witness evidence not produced during discovery and not disclosed, pursuant to FRCP 37(c) and FRE 403.

**Ruling: GRANTED.**

No. 3 to Exclude Verdicts from Prior Litigation

Plaintiffs move to preclude GNC from presenting evidence or argument regarding the outcome of prior litigation, including but not limited to the *Abad* litigation, pursuant to Rule 401, 402, and 403.

**Ruling: GRANTED IN PART.** The evidence will be excluded except to the extent that Plaintiffs open the door on this issue, in which case GNC may respond.

No. 4 to Exclude Evidence from Prior Litigation

Plaintiffs move the Court for an order, *in limine*, precluding GNC from offering argument or evidence relating to any claim or issue that was previously adjudicated, including the *Abad* litigation and the *Naranjo*, and the deposition transcripts taken of Matthew Cappadonna, Cassandra Draeger, Misty Fair, Anthony Lozano, and Thomas Scott in the *Naranjo* action.

**Ruling: GRANTED IN PART.** This evidence is excluded except to the extent that GNC offers a proffer establishing admissibility under some hearsay exception other than FRE 801(d)(2)(A), or Plaintiffs open the door by offering evidence of other litigation by class members. *See Pierce v. County of Orange*, 526 F.3d 1190, 1202 (9th Cir. 2008); this Court's Pretrial Order No. 3, dated December 21, 2015 (Dkt. No. 330).

No. 5 to Exclude Evidence Regarding Previously Adjudicated Issues

Plaintiffs move to preclude GNC from offering argument or evidence regarding matters summarily adjudicated by the Court, including: availability of a derivative final pay claim, evidence regarding the date of the final payment of wages other than the "Final Pay Spreadsheet" and evidence regarding the date of termination other than the "Final Pay Spreadsheet," pursuant to

4

Rule 401 and 403.

**Ruling: GRANTED.**

No. 6 to Exclude Unqualified Expert Testimony

Plaintiffs move to preclude GNC from offering argument or evidence based upon unqualified expert testimony, including but not limited to Mr. Masztak's testimony regarding surveys, pursuant to Rules 702 and 403.

**Ruling: RESERVED.** To the extent Masztak is being offered as rebuttal to explain why Plaintiffs' survey was inadequate, the issue is moot in light of the Court's ruling excluding the survey evidence.

No. 7 to Exclude Expert Testimony Based On Speculation

Plaintiffs move to preclude GNC from offering argument or evidence of expert testimony regarding the concept of "coverage" due to speculation and lack of factual basis, pursuant to Rules 702, 401 and 403.

**Ruling: RESERVED.** To the extent such evidence is being offered as rebuttal to explain why Plaintiffs' survey was inadequate, the issue is moot in light of the Court's ruling excluding the survey evidence.

No. 8 to Exclude Evidence Regarding the Disciplinary Record of Any Class Member

Plaintiffs move to preclude GNC from offering argument or evidence regarding disciplinary records of class members.

**Ruling: WITHDRAWN.** (*See* Dkt. No. 317.)

No. 9 to Exclude Class Member Declarations

Plaintiffs move to preclude GNC from offering into evidence Class Member Declarations, pursuant to Rules 403 and 801(c).

**Ruling: GRANTED** to the extent that GNC seeks to introduce a declaration from a non-testifying, unnamed class member. Otherwise, **DENIED** as to declarations of class representatives who are named or are identified as testifying at trial.

**III.   CONCLUSION**

With respect to any Motion *in Limine* that is granted, in part or in whole, the Court

excludes the evidence identified.  Such evidence is not to be introduced for any purpose unless otherwise specified.  No party, or its counsel, shall attempt to introduce, testify about, question witnesses regarding, comment on, or refer to such evidence, whether during *voir dire* or trial.

**IT IS SO ORDERED.**

Dated: December 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**