UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES BREWER,** individually and on behalf of all other similarly situated current and former employees of Defendant,<br><br>Plaintiffs,<br><br>v.<br><br>**GENERAL NUTRITION CORPORATION,**<br><br>Defendant. | Case No. 11-cv-3587 YGR<br><br>**PRE-TRIAL ORDER NO. 7 RE: FURTHER ORDERS ON OUTSTANDING MOTIONS *IN LIMINE;* DISCHARGING ORDER TO SHOW CAUSE; DENYING MOTION TO QUASH; RESERVING ON MOTION FOR DECLARATORY RELIEF; ADDITIONAL TRIAL ISSUES**<br><br>(Dkt. No. 265, 266, 270 355, 358, 362) |

On February 1, 2016, the Court held a regularly scheduled pretrial hearing. The Court **ORDERS** as follows:

I.   **ORDER TO SHOW CAUSE (DKT. NO. 362)**

Based upon the responses filed by Defendants' counsel (Dkt. No. 366), the Court **DISCHARGES** the Order to Show Cause. No sanctions shall be ordered.

II.  **RULINGS ON OUTSTANDING MOTIONS *IN LIMINE***

The Court rules as follows on the motions *in limine* as to which ruling was previously reserved:

A.   DEFENDANT'S MOTIONS *IN LIMINE*

<u>No. 4 To Exclude Evidence Regarding Any Computation of Damages Not Identified in Plaintiffs' Rule 26 Disclosures</u>

The Court previously reserved on the issue of disclosure of a calculation of damages not otherwise provided in Dr. Kane's report. Plaintiffs' submitted a supplemental statement of the calculation of individual damages for certain named plaintiffs' overtime/off-the-clock claims. The

Court finds this disclosure sufficient. The motion *in limine* is **OVERRULED** to the extent it seeks to exclude this damages information, based upon the testimony of the individual plaintiffs.

<u>No. 6 To Exclude of Defendant's Financial Condition (Dkt. No. 265)</u>

GNC moved the Court for an order precluding Plaintiffs from using evidence or testimony regarding GNC's financial condition, including Exhibits 44-53, on the grounds that such evidence is not relevant when financial information is not the element of a claim or defense. The Court previously reserved ruling in order to permit GNC to state whether it intends to assert financial condition or inability as part of its defense to any claim. GNC having disclaimed any intention to assert financial condition or inability as a defense, the motion *in limine* to exclude evidence or testimony regarding GNC's financial condition is **GRANTED**.

<u>No. 7 To Exclude Summaries Proffered By Plaintiffs (Dkt. No. 266)</u>

Based upon the parties' Joint Trial Stipulations, filed with the Court on February 1, 2016, (Dkt. No. 370) and the Plaintiffs' withdrawal of the remaining summary exhibit at issue, the matter is resolved and Defendant has withdrawn the motion *in limine*.

The parties will submit a clean, electronic version of their Joint Trial Stipulations for inclusion in the juror notebooks by close of business **February 1, 2016**.

B.   PLAINTIFFS' MOTIONS *IN LIMINE*

<u>No. 4 to Exclude Evidence from Prior Litigation (Dkt. No. 270)</u>

Plaintiffs previously moved the Court for an order, *in limine*, precluding GNC from offering argument or evidence relating to any claim or issue that was previously adjudicated, including the *Abad* litigation and the *Naranjo*, and the deposition transcripts taken of Matthew Cappadonna, Cassandra Draeger, Misty Fair, Anthony Lozano, and Thomas Scott in the *Naranjo* action. In its Pretrial Order No. 4, the Court ordered that that evidence was excluded except to the extent that GNC offers a proffer establishing admissibility under some hearsay exception other than FRE 801(d)(2)(A), or Plaintiffs open the door by offering evidence of other litigation by class members. (Dkt. No. 333.)

GNC has now provided the Court with a proffer with respect to the admissibility of deposition transcripts under FRE 804(b)(1). (*See* Dkt. No. 337.) Rule 804(b)(1) provides an

exception to the hearsay rule where: (a) the declarant is unavailable as a witness; (b) the testimony was given as a witness at a trial, hearing or lawful deposition (during current proceeding or a different one); and (c) is now offered against a party who had—or whose predecessor in interest had—an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. While GNC is still in the process of confirming whether the witnesses are unavailable, the Court finds that the remaining two 804(b)(1) factors have been satisfied. *See Culver v. Asbestos Defendants (BP)*, No. C 10-03484 SI, 2010 WL 5094698, at *4 (N.D. Cal. Dec. 8, 2010) (adopting interpretation of Third, Fourth, and Sixth Circuits that Rule 804's "predecessor in interest" limitation is meant to be read generously where former suit involved a party with similar motivation to cross-examine on similar issues as the present party); Wright & Miller, FED. PRAC. & PROC. EVID. § 7073 (2014 ed.) ("courts have interpreted the phrase predecessor in interest to extend beyond privity to encompass parties sharing a 'community of interest.'")

Therefore, the motion *in limine* is **DENIED** to the extent that witnesses who gave sworn testimony in the *Brewer*, *Abad*, and/or *Naranjo* litigation are shown to be unavailable in this litigation. However, Defendant must make a sufficient showing of unavailability prior to offering any deposition testimony of the witness.

Plaintiffs are given leave to amend their counter-designations of the deposition testimony at issue, if needed.

### C. ALL MOTIONS IN LIMINE

With respect to any Motion *in Limine* that the Court has granted, in part or in whole, the Court's rulings exclude the evidence identified. Such evidence is not to be introduced for any purpose unless otherwise specified. No party, or its counsel, shall attempt to introduce, testify about, question witnesses regarding, comment on, or refer to such evidence, whether during *voir dire* or trial.

## III. MOTION TO QUASH/MOTION FOR DECLARATORY RELIEF (DKT. NOS. 355, 358)

The Motion to Quash **DENIED** as to Hallock, Katz, and Reidy. GNC agrees that these persons reside, are employed, or regularly transact business in California, and that Plaintiffs have subpoenaed them to appear for trial and agreed to pay their expenses such that they would not

1  incur substantial expense.  Consequently, the requirements for compelling their attendance at trial
2  under the geographical limitations set forth in Rule 45(c)(1)(B)(ii) are met.  Plaintiffs withdrew
3  their subpoenas for Wunschel and Emrick.
4      With respect to the remaining potential witnesses, the motion to quash is **DENIED**
5  **WITHOUT PREJUDICE** as premature.  The record is incomplete as to whether the elements of Rule
6  45(c)(1)(B) are or can be met with respect to these potential witnesses.
7      To the extent that any of Plaintiffs' potential witnesses are outside the subpoena power of
8  the Court under Rule 45, the parties have leave to supplement their deposition designations to
9  include the witnesses' discovery responses, and Defendant will be precluded from offering live
10 testimony of the witness.

11 **IV.**    **EXPERT TESTIMONY ON REIMBURSEMENT CLAIM**

12     The Court sought clarification from Plaintiffs regarding what expert opinion evidence they
13 would present in support of their automobile expense reimbursement claim, given that the Court
14 had excluded opinions relying on the class member survey.  (Dkt. No. 332 at 6-7.)  In light of the
15 parties' arguments, and Plaintiffs' submission of the underlying evidence concerning Dr. Kane's
16 opinion and calculations with respect to this claim, the Court finds that the statements in paragraph
17 22 of Dr. Kane's report which reference the survey data, and reductions to calculations based on
18 that data, are excluded from evidence.  Likewise, the portions of the summary sentences below
19 Tables 10, 11, 12, and 13 which incorporate the survey data/percentages are also excluded from
20 evidence.  The opinions are otherwise admissible.

21 **IV.**    **ADDITIONAL TRIAL ISSUES**
22     A.    **JURY ISSUES**
23         1. The Court will seat a total of nine (9) jurors and no alternates.  The Court sets the
24             number of peremptory challenges at four (4).  *Batson/Wheeler* motions must be
25             made in a timely fashion.  Argument on the same shall be made outside the
26             presence of the jury panel.
27         2. Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2,
28             1.3, 1.6, 1.7, 1.9-1.15, 1.18, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury

Instructions for the Ninth Circuit (2007 Edition). Instruction 1.8 will be given during the course of the trial as appropriate.

3. Parties shall each be afforded 20 minutes to conduct additional voir dire of the jury panel.

4. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but...may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)."

5. During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

B. TRIAL TIME

By no later than **5:00 P.M. ON WEDNESDAY, FEBRUARY 3, 2016**, the parties shall file a notification with the Court indicating whether they stipulate to fewer total trial hours and, if so, how many. If there is no stipulation, the Court will proceed with prescreening the jury to sit until March 4, 2016.

This terminates Docket Nos. 265, 266, 270 355, 358, and 362.

IT IS SO ORDERED.

Dated: February 1, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**