UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BREWER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GENERAL NUTRITION CORP., a Pennsylvania Corporation,<br><br>    Defendant. | CASE NO. 4:11-CV-03587-YGR<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Yvonne Gonzalez Rogers<br>Courtroom: 1, 4th Floor |

Before the Court is the Parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement ("Motion") and the pertinent materials filed with that motion. (Dkt. No. 391.) For good cause shown, and as more fully explained below, the Motion is **GRANTED**. The Court **ORDERS** as follows:

1.  **Preliminary Certification of the Settlement Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Class, as defined in the Settlement Agreement between the Parties (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed California Rule 23 Class:

> All non-exempt hourly employees of GNC who worked as Sales Associates and/or Assistant Managers in California from July 21, 2007 to November 12, 2014.

Not later than fourteen (14) days after the date of this Order, Defendant will provide the Claims Administrator with an Excel chart listing the names and last known addresses of the Class Members.

2.  **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3.  **Class Representatives.** The Court grants approval to the Named Plaintiffs, Charles Brewer, Jessica Bruns, Michael Mitchell, Michael Murphy, Wayne Neal and Andrew Merino, to serve as Class Representatives with respect to the settlement.

4.  **Class Counsel.** The Court appoints as Class Counsel for the Settlement Class Leonard T. Emma, Michael R. Hoffman, Stephen N. Ilg, and Chad A. Pradmore, of the law firm of Hoffman Employment Lawyers LLC (580 California St., Suite 1600, San Francisco, CA 94104)

5.  **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore preliminarily approved subject to further consideration thereof at the Final Approval Hearing, as

provided in Paragraph 7 below. It is found that the Notice of the proposed Settlement should be given as provided in the Agreement and set forth in Paragraph 8 below.

      6.    **Claims Administrator.** Rust Consulting is approved as the Claims Administrator of the settlement as set forth in the Agreement.

      7.    **Fairness Hearing**. Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on **August 23, 2016, 2016 at 2:00 p.m.** to consider final approval of the Agreement. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court.

      8.    **Notice to the Class.** The Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Notice") attached as Exhibit D to the Agreement is approved. The Court orders that the Claims Administrator mail the Notice as set forth in the Agreement to the members of the Class.

      9.    **Exclusion from the Settlement**. Any member of the Class who wishes to not participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Claims Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be post-marked within forty-five (45) days following the date of the initial mailing of the Settlement Notice Packet.

      10.    **Objections.** Any Settlement Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such objections must (a) clearly identify the case name and number (Brewer et al. v. General Nutrition Corporation, Case Number 4:11-CV-03587-YGR), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612 or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be mailed to Class Counsel; and (d) be filed or postmarked on or before forty-five (45) days after the initial mailing of the Notice by the Claims Administrator.

2.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector may withdraw his or her objections at any time. No Settlement Class Member may appear at the Fairness Hearing or appeal from the Final Approval Order unless he or she has filed a timely objection that complies with the procedures provided herein. Any Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

11. At least 14 days before the deadline to object to or opt out of the Settlement, Class Counsel shall file their motion for attorneys' fees, costs, and class representative enhancements.

12. **Effect of the Agreement.** All members of the Settlement Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

13. **Voiding the Agreement.** Pursuant to the Agreement, if 5% or more of the members of the Class elect to be excluded from the Class, Defendant will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendant files a timely notice, then this Settlement Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

14. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

15. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court.

16. **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or

3.
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Dated: __April 27_____, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

4.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT