UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BREWER, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GENERAL NUTRITION CORP., a Pennsylvania Corporation,<br><br>    Defendant. | CASE NO. 4:11-CV-03587-YGR<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>DKT. NOS. 398, 403 |

Before the Court is the Parties' Joint Motion for an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matter; (2) granting approval of payment to the claims administrator; and (3) dismissing the Civil Action with prejudice in accordance with the terms of the Agreement. (Dkt. No. 403.) Also before the Court is plaintiffs' unopposed motion for attorney's fees and costs and approving plaintiffs' application for enhancement payments as provided for in the Agreement. (Dkt. No. 398.)

The Court preliminarily approved the Agreement, a copy of which was attached to the Preliminary Approval Motion, in this action by order entered on April 27, 2016 (the "Preliminary Approval Order").

On August 23, 2016, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. No objections were filed and no objections were offered at the time of the Fairness Hearing. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motion for Final Approval is **GRANTED** and the Motion for Attorneys' Fees and Costs and Approval of Enhancement Payments is

1   **GRANTED IN PART** as stated herein. The Court **ORDERS** as follows:

2       1.    **Final Certification of the Settlement Classes.** The Settlement Class is comprised of all non-exempt hourly employees of General Nutrition Corporation ("GNC") who worked as Sales Associates and/or Assistant Managers in California from July 21, 2007 to November 12, 2014. The Court finds that the Settlement Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Class.

    2.    **Class Representatives.** For purposes of settlement, the Court appoints as Class Representatives for the Class Plaintiffs, Charles Brewer, Jessica Bruns, Michael Mitchell, Michael Murphy, Wayne Neal and Andrew Merino.

    3.    **Class Counsel.** For purposes of settlement, the Court appoints as Class Counsel for the Settlement Class Leonard T. Emma, Michael R. Hoffman, Stephen N. Ilg, and Chad A. Pradmore, of the law firm of Hoffman Employment Lawyers LLC (580 California St., Suite 1600, San Francisco, CA 94104).

    4.    **Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the plaintiffs and the Settlement Class, reached by the parties after extensive discovery and intensive arms-length negotiations with the assistance of experienced counsel.

The Agreement is fair, just, reasonable and adequate, and in the best interest of, the Settlement Class. It achieves a definite and certain result for the benefit of the Settlement Class that is preferable to continuing litigation in which the Settlement Class would necessarily confront substantial risk, uncertainty, delay, and cost. The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a bona fide dispute between the plaintiffs, Class Members, and the defendant.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Settlement Class in accordance with the terms of the Agreement, excepting only those individuals, if any, who effectively excluded themselves from the Settlement Class in accordance with the terms of the Agreement.

5. **Notice to the Class.** The Court determines that the Notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Settlement Class with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. **Attorneys' Fees and Litigation Expenses.** The Court **GRANTS IN PART** Class Counsel's requested fee award. The Agreement permitted Class Counsel to seek attorneys' fees up to a ceiling of $2,700,000, which they have sought herein. Nevertheless, the Court has an independent obligation to ensure that the fee award, like the other provisions in the class settlement, is reasonable. *See* FRCP 23(e)(2); *In re Bluetooth Headset Products Liab. Litig.* 654 F3d 935, 941 (9th Cir. 2011). The Court must ensure the amount awarded is fair, reasonable, and adequate in relation to the benefit received by the class and the work performed. To that end, the Court has undertaken an exhaustive review of the records submitted to support the lodestar cross-check on this attorneys' fee request.

Plaintiffs assert that the lodestar calculation here would come to approximately $2.9 million, based upon their purported regular rates. The Court's review of the time records raises a number of concerns with the accuracy of the lodestar calculation, including: (a) entries in which related tasks were broken down into granular entries and billed separately, inflating the total time; (b) duplicative (sometimes identical or nearly identical) entries for the same attorney on the same day; (c) entries indicating multiple attorneys billed for the same task, suggesting inflation of the total time; (d) entries indicating an excessive amount of time for the task described [*e.g.,* 0.3 hours to review a single notice of appearance of counsel]; and (e) no evidence indicating that the calculations accounted in any way for the inexperience of attorneys Ilg and Pradmore, neither of whom were admitted to the bar until after the litigation was commenced, other than to note that Pradmore's hours prior to admission were billed at $95 per hour and after admission at $400 per hour for the remaining three and a half years covered.

In addition to the lodestar cross-check, the Court has taken into account the complexity of the

litigation; the results achieved; evidence offered regarding awards in comparable cases; the risk of further litigation; the contingent nature of the fee; and the quality of the work of the attorneys here. Taking into account all these factors, the Court finds attorneys' fees in the amount of **$2,250,000.00**, which represents 25% of the total settlement, to be fair, reasonable, and adequate to compensate class counsel. This amount more closely aligns with an appropriate lodestar calculation and is at the Ninth Circuit's established benchmark for awards from a common fund. *See Vizcaino v Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Circ. 2002).

The Court finds that the costs requested in plaintiffs' unopposed motion are reasonable and that Class Counsel shall be awarded **$173,066.35** for expenses actually incurred in the prosecution of this litigation. The Claims Administrator shall be awarded up to **$41,235.00** for its reasonable fees and expenses incurred in the administration of the settlement.

7. **Enhancement Payments.** The Enhancement Payments to the Plaintiffs as set forth in the Agreement, in the total amount of **$50,000.00** are approved for their substantial services for the benefit of the settlement classes.

8. **Administering the Settlement of Claims.** The Parties shall administer the settlement as set forth in the Agreement.

9. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Plaintiffs and Settlement Class Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

10. **Dismissal with Prejudice.** All claims in this action are **DISMISSED WITH PREJUDICE** and, except as provided herein, without costs against Defendant.

11. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission

or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Dated: September 2, 2016

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING ATTORNEYS' FEES